# IN THE UNITED STATES DISTRIC COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| THOMAS HARRISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 1:20-cv-01274-JDB-cgc |
| ) | |
| ANDREW SAUL, ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Before the court, pursuant to Order of Reference for report and recommendation (D.E. # 17), is Plaintiff Thomas Harrison's Motion for Attorney's Fees Under the Equal Access to Justice Act (EAJA) (D.E. # 15)

Plaintiff filed this action to obtain judicial review of Defendant Commissioner's determination that he was not disabled. (D.E. # 1) A Remand Order was entered on June 14, 2021. (D.E. # 13) On June 16, 2021, Plaintiff filed the instant motion seeking $623.34 for attorney fees, costs of court and expenses of litigation. On June 29, 2021, the Commissioner filed a response also requesting that the Court order payment of Equal Access to Justice Act (EAJA) fees in the same amount. (D.E. # 16)

Under the EAJA, the court shall "award to a prevailing party . . . fees and other expenses . . . incurred by the party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the Court finds that the position of the United States was substantially justified or that special circumstances make an

award unjust." 28 U.S.C. §2412(d)(1)(A).  As the Plaintiff obtained an Order from the Court remanding the Commissioner's decision pursuant to sentence four of U.S.C. §405(g), he qualifies as a prevailing party under the EAJA.  The Court concludes that there are no special circumstances that would make an award unjust.  Consequently, Plaintiff is entitled to an award of attorney fees.

Plaintiff's counsel has submitted his affidavit documenting 3 hours of work on this case. Based on this documentation, Plaintiff requests an award of attorney fees in the amount of $623.34.  The EAJA provides that "attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. §2412(d)(2)(A).  Plaintiff has requested an award at the hourly rate of $207.78 for 3 hours of work.  The increase in the hourly rate is based on the rise in the cost of living since March 1996, when the EAJA statutory rate was last increased.  The Court finds that the requested rate and the number of hours expended are reasonable.

It is RECOMMENDED that Plaintiff's application for attorney fees under the EAJA be hereby GRANTED in full. It is FURTHER RECOMMENDED that Plaintiff be awarded attorney fees in the amount of $623.34, to be paid to Plaintiff's counsel as Plaintiff has assigned these funds to his attorney. If, however, Plaintiff owes a debt to the United States that is subject to offset then the entire EAJA fee will be made payable to Plaintiff and the EAJA fee will be used as an offset to the debt. See 31 C.F.R. §285.5(e)(6)(ii); *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

**SIGNED** this 6th day of July, 2021.

        s/Charmiane G. Claxton
        CHARMIANE G. CLAXTON
        UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**